JS - 6

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4547 PSG (JEMx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust, N.A. v. Emeterio Santiago *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                                  Not Present

**Proceedings:**     **(In Chambers) Order Remanding Case to State Court**

     On December 9, 2009, Plaintiff Deutsche Bank ("Plaintiff") filed this unlawful detainer action in Los Angeles County Superior Court against Emeterio Santiago, Yolanda Santiago, Francis S. Santiago, and Cecilia B. Santiago (collectively, "Defendants"). On June 21, 2010, Defendants removed the action to this Court on federal question grounds. *See Notice of Removal* ¶ 10.a.

     The presence or absence of federal-question jurisdiction, however, "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Here, Plaintiff's only cause of action is for unlawful detainer under state law. No federal question is presented on the face of the complaint. Moreover, to the extent the Notice of Removal alleges federal question jurisdiction on the grounds that Defendants intend to bring a federal cross-claim, the Court notes that a defendant's claims or defenses may not serve as a basis for removal. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). Thus, the Court does not have federal-question jurisdiction over this action.

     The Court also notes that there is no diversity jurisdiction in this case. Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *See Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332. Here, the complaint indicates that Plaintiff seeks less than $10,000 in relief. The Notice of Removal does not challenge that figure. Thus, the amount-in-controversy requirement has not been met. *See Brill v. Countrywide Home Loans,*

JS - 6

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-4547 PSG (JEMx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust, N.A. v. Emeterio Santiago *et al.* | | |

*Inc.,* 427 F.3d. 446, 449 (7th Cir. 2005) (equating the amount in controversy with "what the plaintiff is claiming").

     For the foregoing reasons, the Court determines that it lacks subject matter jurisdiction over this action and, therefore, REMANDS it to state court.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) ("We are obligated to consider sua sponte whether we have subject matter jurisdiction."); *see also* 28 U.S.C. § 1447 (c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

     **IT IS SO ORDERED.**